## Rea *v.* Ganter, Appellant.

*Landlord and Tenant—Lease construed— Liquor saloon.*

A hotel was leased for two years at a rental of fourteen hundred dollars per year, for the purpose of a retail liquor business only. The lease further provided " that should the lessee fail to secure a retail license, the lessor agrees to accept the sum of four hundred dollars per year, payable monthly as above mentioned for the purpose of any merchandise business, liquor and beer business excepted, for the term of one year only." A license was granted to the lessee for the first year, but his application for a license for the next year was refused. *Held,* that he was entitled to the use of the property for the second year at a rental of four hundred dollars only.

*Parol evidence to vary written instrument.*

An offer to prove a parol agreement, contemporaneous with the signing of the lease, to the effect that the provision as to abatement of rent applied to the second year, is inadmissible, without more.

Argued Nov. 4, 1892. Appeal, No. 193, Oct. T., 1892, by defendant, Valentine Ganter, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 362, on verdict for plaintiff, Henry Rea, Jr. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for three months rent.

The facts appear by the opinion of the Supreme Court.

When the defendant was on the stand he was asked the

question : " What took place when the lease was signed or before it was signed ? " [2]  Objected to, objection sustained and exception.

Counsel for defendant then proposed to prove by the witness that the agreement for the payment of the rent of $400 per year in the event that the defendant did not obtain a license applies to the full term of the lease, and to the second year of the lease as well as the first. [3]  Objected to, objection sustained and exception.

Counsel for defendant renewed the foregoing offer, to be followed by evidence of defendant, tending to show that plaintiff, contemporaneously with the signing of the agreement, agreed with defendant that he was only to pay $400 per year for the rent in case of failure to secure a license for the second year. [4]

Objected to, objection sustained and exception.

Plaintiff's point was as follows :

" That under the pleadings and evidence the plaintiff is entitled to recover rent at the rate of fourteen hundred dollars per year, and their verdict must be for the plaintiff for the whole amount set forth in the affidavit of claim." Affirmed. [1]

Verdict and judgment for the plaintiff, $463.05.  Defendant appealed.

*Errors assigned* were (1) instruction; (2–4) rulings; quoting instruction and offers.

*Thomas B. Alcorn, E. A. & C. C. Montooth* with him, for appellant.—The lease must be construed as regards the consideration with reference to the full term.  The uncertainty of obtaining a license, manifestly, was in the minds of both parties, and the second year as well as the first: Western Ins. Co. v. Crapper, 32 Pa. 351; Richardson v. Clements, 89 Pa. 503; Klaer v. Ridgeway, 86 Pa. 529.

Where the execution of a written agreement has been induced upon the faith of an oral stipulation made at the time, but omitted from the agreement, though not by fraud, accident or mistake, parol evidence of the oral stipulation is admissible to add to or change the terms of the written instrument: Ferguson v. Rafferty, 128 Pa. 337.  To the same effect is Thomas & Sons v. Loose, Seamen & Co., 114 Pa. 35; Phillips

v. Meilley, 106 Pa. 536; Mifflin Co. N. Bank v. Thompson, 144 Pa. 393; North & Co. v. Williams, 120 Pa. 109; Jones v. Backus, 114 Pa. 120; Valker v. France, 112 Pa. 203.

*C. C. Dickey, W. K. Shiras, Jr.*, with him, for appellee.—It would have been making a new contract for the parties if the court below had decided, as contended for by appellant, that the words " a retail license " were to be interpreted " two retail licenses." If the retail license referred to was a license for the second year how could the lease be " for the term of one year only?" It is plain that these words cannot refer to the second year, for the reason that when the license should have run out a part of the second year would have already expired.

The offer of evidence made by defendant did not come within any of the exceptions to the rule against allowing parol testimony to vary writings. The offers disclose neither fraud, accident nor mistake, and they do not show that there was any parol contract upon the faith of which this lease was executed: Martin v. Reeves, 67 Pa. 459; Thorne, McFarlane & Co. v. Wofflein, 100 Pa. 519; Clarke v. Allen, 132 Pa. 40; Irwin v. Irwin, 142 Pa. 271.

OPINION BY MR JUSTICE McCOLLUM, January 3, 1893:

The appellant leased the Eagle House, No. 101 Fulton street, in the city of Pittsburgh, for two years, at a rental of fourteen hundred dollars per year, and for the purpose of a retail liquor business only. It was known to the parties that this business could not be conducted without a license, and that it was uncertain whether such license could be obtained. It was also known to them that liquor licenses were granted by the court of quarter sessions of Allegheny county in the month of April for one year, and to take effect on the first of May following. In order to enable the lessee to carry on the business for which he leased the property it was necessary that he should have a license from the 1st of May, 1890, to May 1, 1891, and a license from the last mentioned date to the 1st of May, 1892. A failure to procure a license for either year of the term for which the property was demised would subject the lessee to a loss which the parties recognized and made allowance for in the following provision of the lease: " It is further agreed

that should the said Val. Ganter fail to secure a retail license for the said Eagle House, the said Henry Rea, Jr., agrees to accept from the said Val. Ganter, the sum of four hundred dollars per year, payable monthly as above mentioned, for the purpose of any merchandise business, liquor and beer business excepted, for the term of one year only." A license was granted to the appellant for the year commencing on the 1st of May, 1890, but his application for a license for the next year was refused. He·paid rent the first year of his term at the rate of fourteen hundred dollars per year, and he contends that for the second year of the term he is entitled to the property for the use stated in the provision of the lease above quoted, at a rental of four hundred dollars. The lessor claiming that this provision for a reduced rent is applicable only to the first year of the term, brought this action to recover the rent for the months of April, May and June, 1891, at the rate of fourteen hundred dollars per year. The court below, being of opinion that the lessor's contention was sound, directed the jury to return a verdict in accordance with his claim. It will thus be seen that the real question for our determination is whether the lessee can have any benefit from the provision for a reduced rent, except in case of his failure to secure a license for the first year. It seems to us that the equitable considerations which moved the parties to insert this provision in the lease are as applicable to the failure to obtain a license in 1891, as to a failure to secure it in 1890, and we do not see any just reason for a distinction which allows the reduced rent in one case and exacts the full rent in the other. The loss sustained by the lessee in consequence of his failure to obtain the license is the same in either case, and if, as seems probable, the reduced rent was intended by the parties as an allowance on account of this loss, it is as applicable to the second year of the term as to the first. As no equitable reason appears for a distinction in this respect, it should not be drawn save in obedience to the plain provisions of the lease. Does the language of the lease require a construction which makes this distinction? We think not. The lease is for a term of two years. The maximum rent for the whole term is twenty-eight hundred dollars, and the minimum rent for it is eighteen hundred dollars. The term is not abbreviated by the failure of the

lessee to obtain a license, but the use of the property is modi-
fied and the rent of it is reduced by such failure.    The re-
duction in the rent is for one year, and then only in case of
the lessor's failure to secure the license, but it is immaterial
whether this failure occurs in the first or second year of the
term.    We think that on the undisputed facts of the case the
liability of the appellant for rent during the second year of the
term is at the rate of four hundred dollars per year.

In conformity with these views we sustain the first specifica-
tion of error.    The remaining specifications are not sustained..
The offers of evidence were not comprehensive enough to justify
their admission for the purpose of reforming the lease.

Judgment reversed and venire facias de novo awarded.